UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:13-cr-120-LRH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAVID VIRGIL HOWARD, | |
| Defendant. | |

Before the Court is Defendant David Howard's ("Howard") motion for compassionate release (ECF No. 20). The government opposed the motion (ECF No. 23), to which Howard filed no reply. For the reasons contained in this Order, the Court denies the motion.

I.  **BACKGROUND**

On May 21, 2013, federal officers executed a search warrant at Howard's home located within the District of Nevada. ECF No. 11, at 3. There, Howard agreed to a consensual interview where he admitted to, among other things, knowingly receiving and possessing child pornography. ECF No. 11, at 4. Howard also admitted to sexually gratifying himself to the child pornography. Howard had previously been convicted in Oregon for Second Degree Sexual Abuse for touching the vagina of a minor in his supervision under the age of 18 two or more times. ECF No. 11, at 4.

A federal grand jury indicted Howard on one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1. Howard pled guilty pursuant to a plea agreement, and this Court sentenced him to 120 months' custody followed by 25 years of supervised release. ECF Nos. 10, 18.

///

Howard is currently serving his sentence at FCI Safford. ECF No. 20. Howard has an anticipated release date of February 27, 2022. On January 19, 2021, Howard filed the instant motion arguing that extraordinary and compelling reasons exist warranting release. ECF No. 20.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Howard has exhausted the administrative remedies available.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)    (A) extraordinary and compelling reasons warrant the reduction; or
>
>           (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the

age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

### III.  DISCUSSION

The Court has reviewed the entirety of Howard's motion and his medical records and finds that extraordinary and compelling reasons warranting release do not exist. Howard's medical records do not indicate that he is suffering from a medical condition which would cause him to become severely ill from a COVID-19 diagnosis. Tellingly, Howard has already recovered from COVID-19 while in federal custody, and his medical records indicate that he was asymptomatic throughout his entire illness. Notably, Judge Kent Dawson of this District recently detailed that the most up-to-data indicates that antibodies are produced for at least 5-7 months after a COVID-19 infection. *United States v. Jackson*, No. 2:17-cr-0336-KJD-CWH, 2021 WL 244759 (D. Nev. Jan 25, 2021). Thus, because of his previous diagnosis, Howard's risk of reinfection before his release is lowered.

Howard is serving his sentence at FCI Safford ("Safford"). Currently, there is no indication that Safford is experiencing a substantial outbreak of COVID-19. The BOP reports that there are 771 inmates at Safford. Of those 771 inmates, 1 is currently infected with the COVID-19 virus.[1] Safford is following BOP required procedures to control the spread of the virus and, while an outbreak is never entirely preventable, the steps taken by BOP officials appear to have diminished the threat of COVID-19.

Additionally, promises of a vaccine are encouraging. It appears that the COVID-19 vaccine will be administered to all federal inmates following a "tiered" prioritization schedule like that of

---

[1] Bur. of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021).

the general population. An individual such as Howard—who is 56 years old and is suffering from no significant medical conditions—is considered "Priority Level 4." After correctional staff and more at-risk inmates receive their vaccines, Howard should be next in line. According to the BOP, as of April 15, 2021, the BOP has administered more than 137,000 doses of the vaccine.[2] Recent figures indicate that the BOP has administered 97 percent of all vaccine doses it has received.[3] This is quite significant as it bucks the trend of underutilization of vaccine doses previously seen across the United States. The Court expects that inmates like Howard will receive the vaccine sooner rather than later. Therefore, on balance, the Court finds that extraordinary and compelling reasons do not exist in this case.

Lastly, the section 3553(a) factors do not warrant release.

Howard has a history of sexually assaulting children, and his current sentence related to child pornography reflects his inability to control his aberrant sexual urges. The Court recognizes that Howard himself has never been physically violent, but the production of child pornography inherently involves the violent exploitation of children. Moreover, because of Howard's prior conviction for child sexual abuse, he is serving a mandatory minimum sentence. Based on this history of sexual attraction to children, the Court is not convinced that if he were to be released, that he would not reoffend.

Therefore, because Howard has no apparent medical conditions, and the 3353(a) factors do not warrant release, the Court will deny his motion for compassionate release. The Court finds that Howard should serve the full sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offenses committed.

IT IS THEREFORE ORDERED that Howard's motion for compassionate release (ECF No. 20) is **DENIED**.

IT IS SO ORDERED.

DATED this 19th day of April, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] *Id.*
[3] Bur. of Prisons, *COVID-19 Vaccination Efforts Commended* (Jan. 16, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp.